**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael Niles MAZZELLA,**
**Defendant—Appellant.**

No. 01–30113.

D.C. No. CR–00–00022–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2001.*

Decided Dec. 6, 2001.

---

\* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM **

Defendant Michael Niles Mazzella appeals his conviction for possession with

intent to distribute marijuana, challenging the district court's denial of his motion to suppress evidence. On de novo review, we affirm.

First, the officers had probable cause to stop the van that Defendant was driving. The government presented evidence that drug smuggling was occurring near Koo Koo Boyd Road in northwestern Montana. For example, the officers had found a marked trail on a part of the road that is about 40 yards from the Canadian border and also had found duct tape, a water bottle, and carpet deodorizer, which typically is used to mask the odor of marijuana. After finding these indicia of smuggling, the United States Border Patrol placed a remote sensor to detect border crossings.

The sensor was tripped at about 3 a.m. on July 18, 2000. When agents went to investigate, they saw a man approach the highway from Koo Koo Boyd Road; after looking up and down the highway, he placed a soft-drink can on the side of the road, then hid in the bushes until a van arrived. The van slowed abruptly by the marker, turned onto Koo Koo Boyd Road where it drove with its headlights off, picked up the man who had left the marker, and drove back to the highway where the driver turned the lights back on. Agents then stopped the van and arrested the driver, Defendant. Under the totality of circumstances known to the arresting officers, it was probable that Defendant had committed a crime. *See United States v. Gonzales,* 749 F.2d 1329, 1337 (9th Cir. 1984) (stating standard). The experience and expertise of the officers are relevant in making that determination. *United States v. Buckner,* 179 F.3d 834, 837 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1999), *cert. denied,* 528 U.S. 1094, 120 S.Ct. 831, 145 L.Ed.2d 699 (2000).

Second, the warrant provided probable cause to search the van. Defendant contends that certain information obtained after the stop should not have been in the affidavit supporting the warrant. Even without those pieces of information, however, the affidavit still demonstrated probable cause to believe that the van contained evidence of drug smuggling. *See United States v. Vasey,* 834 F.2d 782, 788 (9th Cir.1987) ("A reviewing court should excise the tainted evidence and determine whether the remaining, untainted evidence would provide a neutral magistrate with probable cause to issue a warrant.").

AFFIRMED.